FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2011 JAN 12 PM 2:38

CLERK_____
SO. DIST. OF GA.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

JUNAYD MUSAWIR ABDULKHAFID,      )
                                 )
          Petitioner,            )
                                 )
     v.                          )          CIVIL ACTION NO.: CV210-124
                                 )
DAVID FRAZIER, Warden,           )
                                 )
          Respondent.            )


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION


Petitioner Junayd Abdulkhafid ("Abdulkhafid"), who is currently incarcerated at Washington State Prison in Davisboro, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction obtained in Wayne County Superior Court. Respondent filed a Motion to Dismiss. Abdulkhafid filed a Response. For the reasons which follow, Respondent's Motion should be **GRANTED** and Abdulkhafid's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Abdulkhafid was convicted, after pleading guilty, in Wayne County Superior Court of armed robbery, kidnapping, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon on August 3, 2003, and was

sentenced on September 11, 2003. Abdulkhafid did not file a direct appeal. Abdulkhafid filed a petition for habeas corpus relief in the Charlton County Superior Court on February 20, 2007; his petition was denied on February 26, 2008. Abdulkhafid filed an application for certificate of probable cause to appeal the denial of his state habeas petition, and the Georgia Supreme Court denied Abdulkhafid's application on July 7, 2008.

Abdulkhafid filed a petition for federal habeas corpus relief in this Court on September 12, 2008. Abdulkhafid asserted his trial counsel was ineffective because she did not investigate the law, facts of the case, his psychiatric history, or any viable defenses, nor did she perform any necessary pretrial functions, such as requesting a preliminary hearing, or inform him of the consequences of pleading guilty to the charges. Abdulkhafid also asserted that he was compelled to be a witness against himself at his plea hearing without a determination of his competency to stand trial or to enter a guilty plea. Abdulkhafid further asserted he did not enter his guilty plea knowingly and intelligently. Finally, Abdulkhafid asserted his sentence and fines are excessive and constitute cruel and unusual punishment. (CV208-121, Doc. No. 1). The undersigned entered a Report recommending that Abdulkhafid's petition be dismissed as being untimely filed, and the Honorable Lisa Godbey Wood adopted this recommendation as the opinion of the Court. (CV208-121, Doc. Nos. 12, 14).

In this petition, Abdulkhafid contends that he received ineffective assistance of counsel, as his counsel misinformed him of the consequences of pleading guilty to the charged offenses. Abdulkhafid avers that, had he been given the correct information, he would not have pleaded guilty and would have proceeded to trial. Respondent

asserts Abdulkhafid's petition should be dismissed because his petition is successive and this Court lacks jurisdiction over the petition.

## DISCUSSION AND CITATION TO AUTHORITY

Respondent avers this Court lacks jurisdiction under the "gatekeeping provision" of 28 U.S.C. § 2244(b), which governs successive petitions. Respondent alleges Abdulkhafid has failed to obtain or even seek authorization from the Eleventh Circuit Court of Appeals, pursuant to 28 U.S.C. § 2244(b)(3)(A), to file a second or successive petition. Respondent also alleges it is not necessary to transfer this case to the Eleventh Circuit for a determination of whether he should be granted authorization to proceed in this second or successive petition because Abdulkhafid's petition is time-barred under 28 U.S.C. § 2244(d).

Before a second or successive application is filed in a district court, the applicant "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This "gatekeeping" requirement transfers a second or successive application from the district court to the court of appeals, pursuant to 28 U.S.C. §1631, as a motion for authorization to proceed in district court. See Felker v. Turpin, 518 U.S. 651, 664 (1996). "If applicable, section 1631 authorizes a transfer that is in the interest of justice." Guenther v. Holt, 173 F.3d 1328, 1330-31 (11th Cir. 1999). However, a transfer may not be authorized in certain instances, as set forth in 28 U.S.C. § 2244(b). This section provides:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application *shall* be dismissed.

AO 72A
(Rev. 8/82)

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application *shall* be dismissed, *unless–*

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(emphases added).

In the case *sub judice*, Abdulkhafid has failed to move the Eleventh Circuit Court of Appeals for an order authorizing this Court to entertain his second or successive petition.[1] While it would ordinarily be permissible for this Court to transfer his petition to the Court of Appeals, it is not in this case. Abdulkhafid's petition is barred under the gatekeeping provision of section 2244(b)(3)(A). Abdulkhafid's petition should be dismissed, as Abdulkhafid previously brought his claim in his first § 2254 petition. 28 U.S.C. § 2244(b)(1).

---

[1] A dismissal with prejudice of a prior petition makes any subsequent petition second or successive. Guenther, 173 F.3d at 1329. Abdulkhafid's petition filed with this Court on September 12, 2008, was dismissed as being untimely filed, as noted above, and thus, is a dismissal with prejudice.

AO 72A
(Rev. 8/82)

**CONCLUSION**

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED,** and that Abdulkhafid's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED** as a second or successive petition.

**SO REPORTED** and **RECOMMENDED**, this _12_ day of January, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)